ARMSTRONG, Judge.
Defendant, Charles Conner, was convicted of manslaughter, a violation of LSA-R.S. 14:31, and sentenced to 21 years at hard labor.
On appeal, defendant asserts two assignments of error.
By his first assignment of error defendant claims that the trial court erred in denying a defense peremptory challenge to two jurors who had already been sworn in.
The record reflects that after two jurors, Mr. Dejoie and Mr. Mitchell, were sworn in, they informed the defense counsel that they knew the victim’s family. The trial judge then questioned the men. Both jurors testified that they thought that they would be able to remain objective. Defense counsel challenged both jurors for cause and that challenge was denied. Defense counsel then offered a peremptory challenge, which was also denied.
La.C.Cr.Pro Art. 795 states, “a peremptory challenge may be made by the state at *319 any time before the juror is accepted by it and by the defendant at any time before the juror is sworn.”
Defendant relies on State v. Nelson, 459 So.2d 510 (La.1984) as the basis for allowing the defense to exercise a peremptory challenge against a juror who has already been sworn in. In Nelson the trial judge allowed the state to exercise a peremptory challenge on a juror after he had been sworn. The Louisiana Supreme Court held there was no prejudice to the defendant and no error in the trial court’s decision. However, in that decision the court cited La.C.Cr.P. Art. 921[1] which indicates that the court considered the error harmless, and therefore not reversible, rather than not error at all. Likewise, we find that the trial court did not err in denying the peremptory challenge in this instance.
Defendants first assignment of error lacks merit.
Defendant also claims, in an assignment of error made by pro se brief, that the trial court erred in failing to order a presen-tence investigation.
La.C.Cr.P. Art. 875(A)(1) states, “If a defendant is convicted of an offense other than a capital offense, the court may order the Department of Corrections, Division of Probation and Parole, to make a presentence investigation.” Comment (d) to that article states, “Under this article the court may, but is not required to, order a presentence investigation.” Clearly, in this case, the law did not require the trial court to order a presentence investigation. Accordingly, the trial court did not err in failing to order a presentence investigation.
The defendant’s second assignment of error lacks merit.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Art. 921. Matters not grounds for reversal A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.